[Crim. No. 3821. Second Dist., Div. One. June 24, 1944.]

In re ANDREW ACOSTA, on Habeas Corpus.

Phillip S. Schutz and Alexander L. Oster for Petitioner.

Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondents.

DORAN, J.—Petitioner had been found guilty of two separate offenses, to wit, assault, after a trial by jury in a criminal action wherein, by indictment, defendant was accused in several counts with the crime of murder and assault with a deadly weapon with intent to commit murder. Judgment of six months in the county jail was pronounced, in two counts, said judgments to run consecutively. While serving the sentence defendant escaped from the road camp. Later arrested and charged with escape, defendant was adjudged guilty. Application for probation followed and on the day appointed for disposing of said matter, to wit, May 13, 1943, the court made and entered the following order: ''It is ordered that proceedings herein be suspended and the defendant is granted probation for a period of one year under the following conditions: Defendant must serve the first year of his probationary period in the County Jail with no good

time allowed. This jail term as a condition of probation is ordered to run consecutively with the sentence which defendant is now serving in County Jail.''

 It is petitioner's contention that the period of probation expired in one year from May 13, 1943, after which time, it is argued, the court was without power to enforce any condition whatsoever, hence the imprisonment is illegal.

Respondent argues as follows: ''The order of the trial court in placing petitioner on probation is not as clear and explicit as it should be, but considering all the facts and circumstances before the court at the time the order was made, it is obvious that the court intended to place the petitioner on probation for a period of one year; that as a condition of probation the petitioner serve one year in the County Jail; that the period of probation and imprisonment as a condition thereof was to commence at the expiration of the sentence he was then serving.''

There can be no question as to the clarity of respondent's argument; nor can there be any question as to the clarity of the law. The power of the court with regard to probation is strictly statutory. Section 1203.1 of the Penal Code provides that ''The court, judge or justice thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such *period of time* not exceeding the maximum possible term of such sentence . . . provided, however, that upon the payment of any fine imposed and the fulfillment of all conditions of probation, probation shall cease at the end of the term of probation, or sooner, in the event of modification.'' (Italics added.) But nowhere in the law is the court empowered to impose conditions that cannot be fulfilled and satisfied within the limit of the period of time fixed by the court as the term of probation; indeed section 1203.3 of the Penal Code provides: ''The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, but no such order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order,

*and in all cases,* if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections.'' (Italics added.)

The court's order is perfectly clear; the law also is clear, by virtue of which petitioner is entitled to be discharged and, it is so ordered.

York, P. J., and White, J., concurred.