[Crim. No. 1082. Fourth Dist. Aug. 23, 1956.]

THE PEOPLE, Respondent, v. RICHARD WILLIAMS, Appellant.

J. Perry Langford, under appointment for the District Court of Appeal, and Edgar G. Langford for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was accused of grand theft in the taking of an automobile. A jury found him guilty of a violation of section 503 of the Vehicle Code, an included

offense. On June 22, 1954, the imposition of sentence was suspended, and he was placed on probation for a period of three years, which was later changed to five years. One of the conditions of probation was that he should refrain from the operation of a motor vehicle, and should not apply for an operator's license, during the entire period of probation.

On March 26, 1956, the court made an order revoking defendant's probation, and also entered a judgment sentencing him to prison. In revoking probation, the court said: "I am revoking his probation solely upon the ground he has driven in violation of the probation order." The defendant has appealed from the order revoking his probation, and from the judgment. ■ The order revoking probation is not appealable although that order is reviewable on the appeal from the judgment. (*People* v. *Robinson*, 43 Cal.2d 143 [271 P.2d 872].)

■ The appellant's sole contention is that the court was without power to require, as a condition of probation, that he refrain from operating a motor vehicle for more than one year. He relies on section 293 of the Vehicle Code. That section reads:

"In no event shall a court revoke or suspend a license or the privilege of any person to operate a motor vehicle or as a condition of probation prohibit the operation of a motor vehicle for a period of time longer than that specified in this code. Any such prohibited order of a court, whether imposed as a condition of probation or otherwise, shall be null and void and the department shall restore or reissue a license to any person entitled thereto irrespective of any such invalid order of a court."

The respondent contends that section 293, which appears in chapter 3 of division 4 of the Vehicle Code, was not intended to apply to or refer to the periods of time mentioned in chapter 4 of that division; that section 293 was not intended to limit the court's power to impose such a condition of probation, except with respect to the misdemeanor cases involving the use of automobiles which are mentioned in chapter 3; that a court has an inherent power to impose conditions of probation which may not be taken away by the Legislature in the absence of a clear expression of such an intent; and that no such intent here appears.

Chapter 3 refers to the suspension or revocation by a court of a license to drive, and chapter 4 refers mainly to such suspension or revocation by the Motor Vehicle Department, al-

though section 303 refers to a suspension or revocation by either. However, both contain a restriction on the effect of probation in crimes involving the use of a motor vehicle. This appears in section 293 in chapter 3, and in section 309 in chapter 4, which provides that a termination of probation shall not affect any revocation or suspension of any license of the probationer. The controlling question here is what is meant by the words "a period of time longer than that specified in this code," as used in section 293. This depends upon whether this was intended to apply only to the periods of time mentioned in chapter 3, or was also intended to apply to those mentioned in chapter 4. Prior to 1953, when section 292.5 was added, section 293 would have been largely meaningless if it referred only to the misdemeanors mentioned in chapter 3, since the only such periods mentioned in that chapter were suspensions of a license for from one to six months, and the court was given no power of revocation.

While that situation existed, and prior to 1945, section 293 read:

"In no event may a court revoke or suspend a license, either as a condition of probation or otherwise, for a period of time longer than that specified in this code. Any order of suspension or revocation in violation of this section shall be null and void."

In 1945, that section was amended and made stronger by further providing that in no event shall a court "as a condition of probation prohibit the operation of a motor vehicle" for a period of time longer than that specified in this code. Both before and after that amendment that section referred to the period of time "specified in this code," and not to the period of time specified in this chapter. Subsequently, in 1953, section 292.5 was added providing that in a conviction for a narcotic offense involving the use of an automobile, the court could revoke the privilege of operating a motor vehicle, and that the time within which the person could reapply for a license should be determined by a court. It would seem unnecessary and useless to have added that section, specifically giving a court the power to prohibit the operation of a motor vehicle for an indefinite time in such a case, if there was no existing limitation on the power of a court to prohibit the operation of a motor vehicle for any period longer than six months.

The provisions of both chapter 3 and chapter 4 relate to the suspension or revocation of the privilege of driving a

motor vehicle, and in many ways relate to orders in that connection made either by a court or the department. It would seem that the only logical conclusion is that the reference in section 293 to the periods of time "specified in this code" was intended to apply to the periods of time mentioned in both chapters 3 and 4. It rather clearly appears that section 293, especially after its amendment in 1945, was intended to apply to both misdemeanor and felony cases involving the use of an automobile; to provide that a court could not as a condition of probation prohibit the operation of a motor vehicle for a longer period of time than the respective periods specified in chapters 3 and 4; and to provide that such a prohibiting order, as a condition of probation, should be null and void. The conviction here, being under section 503 of the Vehicle Code, comes within the effect of section 293. Assuming that a condition of probation on the ground here in question could lawfully have been imposed for something over a year, under the proof of ability to respond in damages provision contained in subdivision (b) of section 304, such a condition could not lawfully be imposed for the full period of five years.

We construe section 293 as intended to apply where probation is granted in any case involving a violation of any of the criminal provisions of the Vehicle Code, whether it be a misdemeanor or a felony, except as later changed by section 292.5. It rather clearly appears that section 293 was intended to forbid a court from prohibiting the operation of a motor vehicle, as a condition of probation, for any period in excess of the periods of suspension and revocation provided for in that code. It follows that the condition of probation here in question was null and void; that the order revoking probation because of the violation of that void order is also null and void; and that the judgment prematurely entered is without support in law, since after probation is granted a judgment may not be entered until the order granting probation is lawfully revoked.

The appeal from the order revoking appellant's probation is dismissed. The judgment is reversed.

Mussell, J., and Burch, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 18, 1956.

*Assigned by Chairman of Judicial Council.