[Crim. No. 25660. Second Dist., Div. Four. Feb. 27, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
BENJAMIN JACOB GOLDBERG, Defendant and Appellant.

COUNSEL

Peter Aron for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Cynthia S. Waldman and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—On June 27, 1968, defendant was found guilty of a violation of section 20001 of the Vehicle Code (felony hit and run).

Proceedings were suspended and defendant was placed on probation for 10 years on two conditions: (1) that he make restitution through his probation officer;[1] and (2) that he not drive a motor vehicle. Pursuant to that order, defendant's driver's license was revoked by the Department of Motor Vehicles.[2] In April of 1970 the department terminated the revocation and issued defendant a new license. Thereafter defendant drove an automobile.

On October 26, 1970, the trial court, on the basis of that driving, purported to revoke his probation and then reinstated the probation "on the original terms and conditions."

On April 23, 1974, defendant applied to the trial court for a "modification" of his probation. The request was denied; he has appealed;[3] we reverse with directions.

## I

We regard the order of October 26, 1970, as meaning what it said, namely that defendant was to remain on probation for the remaining eight years of the original ten-year term and that the prohibition on driving was still in force.

## II

The original order granting probation was in error in two respects:

(1) A court cannot establish a term of probation longer than the maximum period of imprisonment for the offense involved. (Pen. Code, § 1203.1.) The maximum term under Vehicle Code section 20001 is five years. It follows that defendant's probationary period expired on June 28, 1973—over a year before his request for modification.

(2) Under section 13203 of the Vehicle Code,[4] a court cannot, even as

---

[1]This condition was fully complied with by September 22, 1972. It is not involved in this appeal.

[2]Vehicle Code, section 13350, subdivision (c) (now Veh. Code, § 13350, subd. (b)).

[3]The order is appealable. (Witkin, Cal. Criminal Procedure (1963) § 651, p. 643.)

[4]"In no event shall a court, other than a juvenile court, suspend the privilege of any person to operate a motor vehicle or as a condition of probation prohibit the operation of a motor vehicle for a period of time longer than that specified in this code. Any such prohibited order of a court, whether imposed as a condition of probation or otherwise, shall be null and void, and the department shall restore or reissue a license to any person entitled thereto irrespective of any such invalid order of a court."

a condition of probation, restrict a defendant's right to drive a motor vehicle for more than the period prescribed by the applicable sections of the Vehicle Code. Under section 13351 of the Vehicle Code, the limitation on such restriction is one year and until the defendant has given proof of ability to respond in damages.[5] The issuance of defendant's new license in April of 1970 shows that those conditions had been met. It follows that the attempt to restrict defendant's driving privileges for the full term of probation was, in the express words of section 13203, "null and void." (*People* v. *Williams* (1956) 144 Cal.App.2d 144 [300 P.2d 734].)

### III

It follows that not only should the trial court have granted defendant's request to modify the terms of his condition by eliminating the restriction on driving, but it should, on its own motion, have terminated probation altogether.[6]

The order is reversed for further proceedings consistent with this opinion.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[5]"The privilege revoked under Section 13350 shall not be renewed until the expiration of one year after the date of revocation and until the person whose privilege was revoked gives proof of ability to respond in damages as defined in Section 16430."

[6]The record before us, including the superior court file of which we have taken note, shows that the purported revocation in 1970 was for an alleged violation of the condition against driving a motor vehicle. That driving was only after both the one-year period had expired and after defendant's license had been renewed. Since there was no violation, the purported revocation and reinstatement did not affect the original 1973 termination date for all probation.