[Crim. No. 11792. Third Dist. Feb. 5, 1982.]

In re GARY CALVIN BOLLEY on Habeas Corpus.

COUNSEL

Latimer & Kenkel and Jerry J. Kenkel for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Respondent.

OPINION

**REYNOSO, J.**—At issue in this proceeding on petition for writ of habeas corpus is whether a trial court may require, as a condition of probation, a criminal defendant to waive the statutory maximum period of probation. We hold that it may not. Accordingly, we issue a writ of habeas corpus directing the trial court to vacate its decision denying petitioner's application for probation and to grant petitioner a new hearing on his application for probation.

Petitioner Gary Calvin Bolley was charged with various felony counts arising out of alleged sexual activity with his adopted daughters. He was convicted by plea of guilty of one count of lewd and lascivious con-

duct with a child. (Pen. Code, § 288.) Petitioner was committed to the Department of Corrections for a diagnostic evaluation pursuant to Penal Code section 1203.03. Upon his return to court petitioner was sentenced to state prison for the upper base term of five years for his offense, subject to recall under the provisions of Penal Code section 1170, subdivision (d). The Department of Corrections determined that petitioner was a fit candidate for probation and recommended recall.

Upon recall a lengthy sentencing hearing was held after which the trial court indicated that it would grant probation for the maximum possible period, which it was informed was five years. After further unrelated discussion the court stated that it would "try something" to extend the period of probation. The court asked petitioner to submit to a period of probation for 15 years. Although petitioner indicated assent, his counsel refused and the court ordered that the state prison sentence be executed.[1]

Penal Code section 1203.1 provides, inter alia, that a court or judge may grant probation and suspend the imposition or execution of sentence for a period of time not exceeding the maximum possible term of such sentence, except when the maximum possible term is five years or less in which case the period of probation may continue for five years. The power of the court with regard to probation is strictly statutory, and the court cannot impose a condition of probation which extends beyond the maximum statutory term of probation. (*In re Acosta* (1944) 65 Cal.App.2d 63, 64 [149 P.2d 757].) A court cannot establish a period of probation longer than the maximum period of imprisonment for the offense involved. (*People* v. *Goldberg* (1975) 45 Cal.App.3d 601, 603 [119 Cal.Rptr. 616].) Any attempt to do so is null and void. (*Id.*, at p. 604; see also, *People* v. *Williams* (1956) 144 Cal.App.2d 144 [300 P.2d 734].)

The trial court in this case denied petitioner's application for probation solely because petitioner did not consent to a period of proba-

---

[1]Petitioner might well have been better advised to accept the suggested term of probation and then to appeal the order. The imposition of a sentence for which there is no statutory authority is jurisdictional error, subject to correction on appeal. (*People* v. *Davis* (1981) 29 Cal.3d 814, 827, fn. 5 [176 Cal.Rptr. 521, 633 P.2d 186].) Since, however, petitioner did not accept the improper condition and is now imprisoned, we reject the People's contention that appeal is the exclusive remedy. Under these circumstances relief through habeas corpus is clearly proper. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727]; *In re Hernandez* (1966) 64 Cal.2d 850, 852 [51 Cal.Rptr. 915, 415 P.2d 803].)

tion beyond the maximum term the court was empowered to grant or impose. That is not a proper ground upon which a court may deny an application for probation. Petitioner is entitled to have his application for probation considered without regard to his refusal to consent to an unauthorized period of probation.

The petition for a writ of habeas corpus is granted. The Superior Court of Butte County is directed to vacate its decision denying petitioner's application for probation and to conduct a new probation and sentencing hearing to consider petitioner's application for probation without regard to his refusal to accept an unauthorized period of probation. The order to show cause is discharged with the finality of this decision.

Evans, Acting P. J., and Carr, J., concurred.