[No. D002318. Fourth Dist., Div. One. May 9, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
C. ARNHOLT SMITH, Defendant and Appellant.

COUNSEL

Goldberg & Frant, Charles L. Goldberg and Ronald M. Frant for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Frederick R. Millar, Jr., and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STANIFORTH, J.**—C. Arnholt Smith was convicted by a jury in May 1979 of two felony counts of tax fraud for the year 1971 (Rev. & Tax. Code, §§ 19405, 19406), two felony counts of tax fraud for the year 1973 (*ibid.*) and one count of grand theft (Pen. Code, § 487, subd. 1).

On May 31, 1979, Smith was placed on probation for five years on condition he serve one year in the custody of the sheriff for each of counts two, four and five and he make restitution of $681,000. Smith appealed his conviction.

On September 26, 1979, the trial court stayed the restitution and custody conditions pending appeal but did not stay the probationary term itself.

On March 24, 1984, the probation department sought to have Smith's probation modified by extending the probationary term for another five years. The modification was sought because Smith's term was due to expire on May 30, 1984. This court had not yet rendered its decision and the probation department feared the court would lose its jurisdiction over Smith.

On April 30, 1984, the court extended Smith's formal probation for another five years until May 30, 1989.

This court filed its opinion on May 17, 1984, affirming tax counts one through four as misdemeanor violations of Revenue and Taxation Code section 19401 and affirming the grand theft in count five as a felony. We remanded for resentencing unless the People sought a new trial on the tax count within 30 days of the issuance of the remittitur. (*People* v. *Smith* (1984) 155 Cal.App.3d 1103, 1187-1188, 1198 and fn. 6 [203 Cal.Rptr. 196].) We issued the remittitur on August 21, 1984.

On October 10, 1984, the court sentenced Smith to 365 days in custody of the San Diego County Sheriff with 1 day suspended. The court made it clear it was imposing the one-year custody as provided for in Smith's initial probation order. Smith surrendered to the custody of the sheriff on November 26, 1984, after making various motions to the superior court and various petitions to this court and the Supreme Court. Smith is due to be released in July 1985.

On appeal, Smith contends the trial court lacked jurisdiction to impose judgment on October 10, 1984, a date after the expiration of his initially imposed probationary term, and the attempted extension of his term was invalid.

DISCUSSION

I

 The filing of an appeal does not of itself stay execution of the judgment in criminal proceedings. (Pen. Code, § 1243.) A court may stay

the execution of judgment pending appeal (*ibid.*) and may allow a defendant to be released on bail pending the appellate court's decision. (Pen. Code, § 1272.) A defendant may be released on appeal only if he undertakes to "surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed . . . ." (Pen. Code, § 1273.)

■ When the execution of judgment has been stayed pending appeal, the trial court lacks jurisdiction during the pendency of the appeal to modify the judgment. (*In re Kennick* (1982) 128 Cal.App.3d 959, 962 [180 Cal.Rptr. 731].) ■ A stay of a probationary-type judgment stays the running of the probationary term so that it does not begin to run until after the remittitur has issued. (*Ibid.*) Once the remittitur is issued, the probationary order goes into effect automatically unless the trial court decides to vacate or modify. (*In re Stallings* (1970) 5 Cal.App.3d 322, 329 [85 Cal.Rptr. 96].)

■ Usually, a court will stay an entire probationary order as well as all the conditions, including a custody condition pending appeal, and the courts will construe a stay to include all conditions. (*In re Kennick, supra,* 128 Cal.App.3d 959, 963.) However, nothing prevents a court from staying only the most onerous of the probationary conditions, i.e., custody, and from that stayed condition having automatic effect on issuance of the remittitur. As the court noted in *People* v. *Soukup* (1983) 141 Cal.App.3d 858, 862 [190 Cal.Rptr. 635], after citing Penal Code section 1273 (bail and release on appeal only if defendant undertakes to surrender himself in execution of the judgment): "Clearly, the Legislature intended to permit a stay of imprisonment only if the defendant's full compliance with the judgment after completion of the appellate process was assured. The rule appellant here proposes would frustrate this legislative intent by turning the bail procedure into a device to escape imprisonment should the time required for disposition on appeal exceed the time set for probation. This is not the law."

■ Here, the court stayed only the custody and restitution conditions of Smith's probation. The court attempted to extend the term of probation on April 30, 1984, in its mistaken belief that if it failed to extend the term of Smith's probation it would lose jurisdiction over him and therefore would be unable to impose custody. However, as case law teaches, a defendant does not escape a custody condition of probation which has been stayed pending appeal because the time required for disposition on appeal exceeds the time set for probation. Thus, it was not necessary for the trial court to extend Smith's probation by five years in order to retain jurisdiction to impose the stayed portion of Smith's probationary order, i.e., the custody,

on issuance of the remittitur. (Compare *In re Stallings, supra*, 5 Cal.App.3d 322.)[1]

█ Smith's similar contentions that custody could not be imposed because his period of probation had expired by operation of law (the tax counts—by our reducing them to misdemeanors for which a maximum of three years' probation may be imposed (Pen. Code, § 1203, subd. (a)), the grand theft by passage of the determinate sentencing law which limits probation to five years (Pen. Code, § 1203.1)) likewise fail to persuade us the court here lacked jurisdiction to impose the *stayed* condition of custody following our issuing the remittitur.

## II

█ Finally, Smith contends the court may not impose a condition which cannot be fulfilled during the period fixed by the court as a term of probation. (See *In re Bolley* (1982) 129 Cal.App.3d 555 [181 Cal.Rptr. 111]; *In re Acosta* (1944) 65 Cal.App.2d 63 [149 P.2d 757].) Smith argues since the custody condition was stayed pending appeal and the disposition on appeal failed to occur within the five-year term of probation, the custody condition must fail because it could not be met within the original term of probation.

*Bolley* and *Acosta* are factually distinguishable. *Bolley* involved a court's attempt to impose a probationary period three times longer than the statutory maximum. *Acosta* involved a court's attempt to impose one-year's probation plus one-year's custody but since the defendant was already serving a year in custody, it was factually impossible for the defendant to serve the probationary year of custody during the one-year probationary year. Neither *Bolley* nor *Acosta* involved a condition stayed pending appeal. Both involved conditions invalid or impossible to fulfill from their very outset. Such is not the situation here. There is no factual impossibility in serving a year of custody during a five-year probationary term and there is nothing invalid about such a condition. The fact Smith chose to be subject to custody only after appeal rather than at the beginning of his probationary term does not diminish the validity of the condition or allow Smith to escape its imposition.

---

[1]No issue remains as to the validity of the five-year extension of probation except as it relates to the court's jurisdiction to impose the custody condition since Smith's probation now expires at completion of the custody condition.

The judgment is affirmed.

Brown (Gerald), P. J., and Lewis, J., concurred.