Filed 1/15/14  P. v. Rodriguez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039314 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1241888) |
| v. | |
| CHRISTOPHER RODRIGUEZ, | |
| Defendant and Appellant. | |

Defendant Christopher Rodriguez pleaded no contest to inflicting corporal injury on a cohabitant.  (Pen. Code, § 273.5, subd. (a).)[1]  The trial court granted a three-year term of probation including six months in county jail as a condition of probation.  Among other conditions of probation, the court imposed a five-year peaceful contact order and ordered defendant not to possess "any item under the law during probation that would be considered a deadly or dangerous weapon."

On appeal, defendant contends the trial court lacked authority to impose a five-year peaceful contact order lasting two years longer than his three-year probationary period.  Defendant also argues that the condition not to possess a deadly or dangerous weapon is vague and overbroad absent a scienter requirement, and violates his constitutional right to possess property.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

We will modify the length of the peaceful contact order to be coextensive with defendant's probationary term. As to the condition that defendant not possess a deadly or dangerous weapon, we will modify it to prohibit knowing possession of a deadly or dangerous weapon, but we find no violation of defendant's constitutional right to possess property.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 16, 2012, police responded to a report of a domestic violence incident in the City of Santa Clara. The victim, defendant's girlfriend, told police she was sleeping on the couch when she was awakened by defendant, who was in a rage. He believed she had taken his wallet, and he demanded to know where it was. He told her, "You know where it is bitch," and grabbed her face, forcing her head down onto the couch. The victim could not breathe and resisted physically until she managed to escape. She had light bruising around her mouth area, blood splatter on her cheeks, an abrasion inside her mouth, and broken blood vessels in the white of her eyes.

Defendant denied these allegations and claimed the victim had imagined the event as a result of mental illness. She was eight weeks pregnant with their child at the time.

A felony complaint charged defendant with inflicting corporal injury on a cohabitant (§ 273.5, subd. (a); count 1), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), and violating a protective order (§ 166, subd. (c)(1); count 3). Defendant pleaded no contest to inflicting corporal injury on a cohabitant in exchange for probation, including six months in county jail. (§ 273.5, subd. (a).)

At sentencing, the trial court suspended imposition of the sentence and granted a three-year term of probation, including six months in county jail as a condition of probation. Among other conditions of probation, the court ordered, "the Defendant shall

_____

[2] The factual narrative is based on the probation report.

2

not annoy, harass, strike, threaten, sexually assault, batter, stalk, destroy personal property of or otherwise disturb the peace of the victim." The court emphasized that this was a peaceful contact protective order as opposed to no contact protective order, and cited sections 136.2 and 1203.097 as the basis for the order. The court ordered the peaceful contact order to last five years. Defense counsel argued that "it would be more appropriate to have it coterminous with the initial grant of probation," but the court impliedly overruled the objection. Additionally, the court ordered, "the Defendant shall not possess any item under the law during probation that would be considered a deadly or dangerous weapon." Defendant objected to this condition as lacking a nexus to the offense, but the court overruled the objection. The remaining counts were dismissed.

## II. DISCUSSION

### A. *The Five-Year Peaceful Contact Order*

Defendant contends the trial court lacked authority under sections 136.2 and 1203.097 to impose a peaceful contact order lasting five years. Defendant argues that although subdivision (a) of section 136.2 authorizes the court to issue a peaceful contact order, the duration of such an order is limited to the pendency of the criminal action in which it is issued. Similarly, although section 1203.097 authorizes the court to issue a peaceful contact order as a condition of probation, defendant argues that the court has no authority to enforce a condition of probation once the probationary period has expired. Defendant therefore requests that we limit the duration of the peaceful contact order to three years.

The Attorney General concedes the trial court lacks jurisdiction to enforce a peaceful contact order after the expiration of defendant's probationary period. However, the Attorney General contends defendant forfeited the issue by failing to object. Furthermore, the Attorney General asks that we not specify a three-year limit because the trial court could modify defendant's probationary period.

3

We find defendant has not forfeited his claim. First, while defense counsel did not explicitly use the word "objection" in his argument to the court, counsel argued that the duration of the peaceful contact order should be coterminous with the probationary period. This was sufficient to put the issue before the court and the prosecution, and the court clearly rejected the argument. Furthermore, an unauthorized sentence falls within the "narrow exception" to the forfeiture rule for sentences issued in excess of jurisdiction. (*In re Sheena K.* (2007) 40 Cal.4th 875, 886.)

As to the merits of the claim, we agree that the trial court may not issue a peaceful contact order lasting longer than the probationary period. (§ 1203.3; *Ex parte Acosta* (1944) 65 Cal.App.2d 63, 64) ["nowhere in the law is the court empowered to impose conditions that cannot be fulfilled and satisfied within the limit of the period of time fixed by the court as the term of probation."].) Nor could the order have been authorized under section 136.2, subdivision (a), since protective orders issued under that provision are limited in duration to the pendency of the criminal proceeding. (*People v. Stone* (2004) 123 Cal.App.4th 153, 159.) However, we agree with the Attorney General that a specific three-year limit on the order is unjustified, since the trial court could modify the probationary period. Therefore, we will modify the length of the peaceful contact order to terminate upon the expiration of defendant's probationary term, or in five years, whichever comes first.

B. *The Prohibition on Possession of a Deadly or Dangerous Weapon*

1. *Scienter Requirement*

Defendant contends the probation condition prohibiting him from possessing a deadly or dangerous weapon is vague and overbroad absent a scienter requirement because he could unknowingly possess a deadly or dangerous weapon. The Attorney General contends the scienter requirement is already implicit in the condition.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K., supra,* 40 Cal.4th at p. 890.) "A probation condition 'must

4

be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) That is, the defendant must know in advance when he may be in violation of the condition. "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].) Accordingly, courts have consistently ordered modification of probation conditions to incorporate a scienter requirement where a probationer could unknowingly engage in the prohibited activity. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition]; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [modifying prohibition on association with gang members to prohibit association with known gang members]; *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629 [modifying probation on displaying gang-related indicia].)

It is possible that defendant could come into possession of an object prohibited under this probation condition without knowing it. For example, another person could leave a prohibited object in defendant's car or house without his knowledge. To enforce a probation violation for unknowing possession of a prohibited item would violate the principles above. We acknowledge that probation conditions contain an implicit scienter requirement. (*People v. Patel* (2011) 196 Cal.App.4th 956, 960.) However, we believe that making the requirement explicit provides clearer notice to the parties, courts, and probation officers. Therefore, we will modify this probation condition to prohibit knowing possession of a deadly or dangerous weapon.

5

## 2. *Right to Possess Property*

Defendant also contends the probation condition prohibiting him from possessing deadly or dangerous weapons is unconstitutionally overbroad in violation of his right to possess property under the California Constitution. (Cal. Const., art. I, § 1.) He argues that the condition prohibits him from possessing "numerous items commonly used every day that are 'inherently deadly or dangerous' such as forks and knives at the dinner table, and countless tools such as screwdrivers, electric drills and hammers." The Attorney General contends the condition is not overbroad because it is limited to possession with the intent to use the object as a weapon.

A probation condition that imposes limitations upon constitutional rights must be narrowly tailored to achieve legitimate purposes. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890; *People v. Olguin* (2008) 45 Cal.4th 375.) " ' "Where a condition of probation requires a waiver of constitutional rights, the condition must be narrowly drawn. To the extent it is overbroad, it is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights." ' " (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102.)

"[T]he phrase 'dangerous or deadly weapon' is clearly established in the law." (*In re R.P.* (2009) 176 Cal.App.4th 562, 568.) "The definition consistently include[s] the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury." (*Ibid.*) The phrase therefore prohibits "items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death." (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186 (*Moore*).) In *Moore,* the court considered a challenge based on overbreadth and vagueness grounds to a similar probation condition prohibiting use or possession of " 'any dangerous or deadly weapons, including firearms, knives, and other concealable weapons.' " (*Id.* at p. 1183.) Because the condition contains an implicit scienter requirement, the court found this definition sufficiently

6

precise to overcome the defendant's challenge. "[A] trial court may not revoke Moore's probation unless his violation of the weapons condition is knowing and willful." (*Id.* at p. 1189.)

By the same logic, defendant's challenge fails here, even though he cites constitutional grounds as the basis for his challenge. As noted above, the definition of dangerous or deadly items includes two categories of objects. First, it includes items specifically designed as weapons, e.g. guns. (*Moore*, *supra*, 211 Cal.App.4th at p. 1186.) The law is clear that defendant, as a felon, has no constitutional right to possess such objects. (*Id.* at p. 1187; see *People v. Freitas*, *supra*, 179 Cal.App.4th at p. 751.) Second, the definition includes "items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death." (*Moore*, *supra*, 211 Cal.App.4th at p. 1186.) This would only prohibit possession of items such as forks and knives if defendant intended to use them to inflict, or threaten to inflict, great bodily injury or death. Thus, defendant is free to use forks and knives at the dinner table when he intends to eat his dinner with them. We find the inherent limiting condition described in *Moore* sufficiently narrows the prohibition to satisfy any tailoring requirements in accord with defendant's constitutional rights.

## III.   DISPOSITION

Defendant's probation conditions are modified as follows: The peaceful contact order shall terminate upon the expiration of defendant's probationary period, or in five years after its issuance, whichever comes first. The probation condition prohibiting possession of any item that would be considered a deadly or dangerous weapon under the law is modified to prohibit knowing possession of any item that would be

7

considered a deadly or dangerous weapon under the law.  As modified, the judgment is affirmed.

_____

Márquez, J.

WE CONCUR:

_____

Rushing, P. J.

_____

Premo, J.