Filed 1/24/23

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D080176 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE386422) |
| RYAN KITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed as modified.

Aurora E. Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal presents an issue of statutory interpretation regarding the maximum length of felony probation under Penal Code[1] section 1203.1, as amended by Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill No. 1950). As amended, section 1203.1, subdivision (a) generally limits felony probation to a maximum of two years. But the statute includes several exceptions, including one for violent felonies or any offense that "includes specific probation lengths within its provisions." (§ 1203.1, subd. (*l*)(1).)[2] For these offenses, the maximum length of probation is "the maximum possible term of the sentence." (*Ibid.*)

We now hold that this statutory phrase refers to the maximum term of imprisonment that could have been imposed, rather than the maximum probationary period allowable under another law specifying a specific probation length. Under this exception to the two-year maximum for felony probation, the other law specifying a specific probation length will remain in effect, except that it may not exceed the maximum possible term of imprisonment. We further conclude that when this exception applies to any of the counts, the maximum possible probation length must be calculated by reference to the aggregate prison term that could have been imposed for all counts of conviction. Based on this holding, we conclude that appellant Ryan Kite's term of probation for his violations of Vehicle Code sections 23153 and 20001 must be reduced from five years to three years and eight months—the

---

1    Undesignated statutory references are to the Penal Code.

2    When first enacted as part of Assembly Bill No. 1950, this exception was contained in former section 1203.1, subdivision (*m*), but it has since been redesignated as subdivision (*l*). (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 893, fn. 12 (*Qualkinbush*).) We cite to the current version of the statute.

maximum aggregate term of imprisonment that could have been imposed for his convictions as calculated under section 1170.1, subdivision (a).

## FACTUAL AND PROCEDURAL BACKGROUND

On the night of November 8, 2018, Kite was driving a truck while under the influence of alcohol.  He pulled out of a parking lot into traffic without coming to a stop, causing motorcyclist D.P. to slam on his brakes and fall off his motorcycle.  Kite drove away from the scene without stopping.  D.P. got back on his motorcycle, called 911, caught up to Kite's truck, and signaled for Kite to pull over.  At first, Kite did not stop.  Kite eventually did stop at an intersection, where his passenger exited the truck.

When the police arrived at the scene, Kite's eyes were watery and red, and he had a strong odor of alcohol.  Kite failed a variety of field sobriety tests.  Based on his blood alcohol concentration measured later that night, Kite would have had a blood alcohol concentration of between 0.14 and 0.22 percent at the time of the incident.

The motorcyclist D.P. suffered a spinal compression fracture as a result of the accident.

Kite was charged with three counts:  (1) driving under the influence causing injury (Veh. Code, § 23153, subd. (a)); (2) driving with measurable blood alcohol content causing injury (Veh. Code, § 23153, subd. (b)); and (3) hit-and-run with injury (Veh. Code, § 20001, subd. (a)).  A jury convicted Kite as charged on all three counts.

At sentencing, the trial court placed Kite on formal probation for five years for counts two and three, imposed but stayed a 365-day jail term pending completion of probation, and stayed the sentence for count one under section 654.

3

DISCUSSION

The sole issue on appeal is whether the trial court violated section 1203.1 as amended by Assembly Bill No. 1950 by imposing a five-year term of probation. This presents an issue of statutory interpretation subject to de novo review. (*People v. Saxton* (2021) 68 Cal.App.5th 428, 431.)

A.    *Assembly Bill No. 1950*

Effective January 1, 2021, Assembly Bill No. 1950 amended sections 1203a and 1203.1 to limit the maximum length of probation for felony and misdemeanor offenses. Before the effective date of this legislation, section 1203.1 provided that a court could impose felony probation for a period "not exceeding the maximum possible term of the sentence," except "where the maximum possible term of the sentence [was] five years or less," in which case probation could "continue for not over five years." (Former § 1203.1, subd. (a); see *People v. Forester* (2022) 78 Cal.App.5th 447, 451–452 (*Forester*).) In other words, under prior law, the length of felony probation could not exceed five years or the maximum possible sentence of imprisonment, whichever was longer.

As amended by Assembly Bill No. 1950, section 1203.1 now states that felony probation "may continue for a period of time not exceeding two years." (§ 1203.1, subd. (a).) However, there are several statutory exceptions to the two-year maximum. (*Id.*, at subd. (*l*).) Of significance here, subdivision (*l*) provides in relevant part: "The two-year probation limit in subdivision (a) shall not apply to: [¶] (1) An offense listed in subdivision (c) of Section 667.5 and an offense that includes specific probation lengths within its provisions. For these offenses, the court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not

4

exceeding the maximum possible term of the sentence and under conditions as it shall determine." (*Ibid*.)

This exception applies to two separate categories of felonies: (1) violent felonies as defined in section 667.5, subdivision (c); and (2) felonies for which some other law specifies a specific probation length. (See *People v. Schulz* (2021) 66 Cal.App.5th 887, 896–899 (*Schulz*).) The second of these categories includes felonies for which the law specifies only a minimum probation length, even if the minimum is set forth in a different code section from the crime itself. (See, e.g., *Qualkinbush*, *supra*, 79 Cal.App.5th at pp. 894–895 [exception to two-year probation limit applied because section 1203.097, subdivision (a)(1) specified three-year minimum probation period for crimes involving domestic violence]; *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 644 (*Rodriguez*) [same]; *Forester*, *supra*, 78 Cal.App.5th at pp. 456–458 [same].)

Assembly Bill No. 1950 also amended section 1203a for misdemeanor offenses. Under prior law, the length of misdemeanor probation could not exceed three years or the maximum possible sentence, whichever was longer. (Former § 1203a.) As amended by Assembly Bill No. 1950, the maximum term of probation for misdemeanors is now one year, but the statute specifies that this one-year limit "shall not apply to any offense that includes specific probation lengths within its provisions." (§ 1203a, subd. (b).)

"Assembly Bill No. 1950 embodies the Legislature's 'categorical determination that a shorter term of probation is sufficient for the purpose of rehabilitation.' " (*Bowden v. Superior Court* (2022) 82 Cal.App.5th 735, 743.) "According to the author, Assembly Bill No. 1950 was drafted to address the following factors: the effect of probation on already marginalized populations; the burden of probation fees on the poor; the high cost to

5

taxpayers of incarcerating individuals for minor, technical, noncriminal violations of probation; and research reflecting that probation services are most effective the first 18 months of supervision and that increased supervision and services earlier on reduces likelihood to recidivate." (*Schulz, supra*, 66 Cal.App.5th at p. 897.)

B.    *The Issue on Appeal*

As noted, Kite was convicted of three offenses: (1) driving under the influence causing injury (Veh. Code, § 23153, subd. (a)); (2) driving with measurable blood alcohol content causing injury (Veh. Code, § 23153, subd. (b)); and (3) hit and run with injury (Veh. Code, § 20001, subd. (a)). For each of these offenses, the felony sentencing range is a low term of 16 months, a middle term of two years, or an upper term of three years. (Veh. Code, §§ 20001, subd. (b)(1), 23554; Pen. Code, § 1170, subd. (h)(1).) The court stayed the sentence on the first Vehicle Code section 23153 count under section 654, and placed Kite on formal probation for five years for the other two counts.

For the Vehicle Code section 23153 counts, but not the Vehicle Code section 20001 count, there *is* a provision of law other than Penal Code section 1203.1 governing the length of any probation term. Specifically, Vehicle Code section 23600, subdivision (b)(1) provides that if the defendant is granted probation for a violation of Vehicle Code section 23153, the period of probation shall be "not less than three nor more than five years; provided, however, that if the maximum sentence provided for the offense may exceed five years in the state prison, the period during which the sentence may be suspended and terms of probation enforced may be for a longer period than three years but may not exceed the maximum time for which sentence of imprisonment may be pronounced."

6

Based on this provision, the parties agree that Kite's two Vehicle Code section 23153 convictions fall within the statutory exception to the two-year limit on felony probation for offenses that "include[] specific probation lengths within [their] provisions." (§ 1203.1, subd. (*l*)(1).) We concur. (*Schulz, supra*, 66 Cal.App.5th at p. 899 [exception applied because "defendant was convicted of violating Vehicle Code section 23153, subdivisions (a) and (b), and for those offenses, [Vehicle Code] section 23600, subdivision (b)(1) provides for a specific probation length"].)

But the parties disagree as to the proper interpretation of the second sentence of section 1203.1, subdivision (*l*)(1), which limits the length of probation for felonies falling within this exception to "a period of time not exceeding the maximum possible term of the sentence . . . ." (Pen. Code, § 1203.1, subd. (*l*)(1).) Kite argues that because the maximum possible prison sentence for each of the Vehicle Code violations is three years, the maximum length of his probation is also three years. In response, the People argue that the statutory phrase "maximum possible term of the sentence" refers to the maximum *probationary* period allowable under Vehicle Code section 23600, subdivision (b)(1), which in this case would be five years. Thus, the People contend that the trial court properly placed Kite on formal probation for five years.

C.     *Interpretation of Section 1203.1, Subdivision (l)(1)*

For several reasons, we conclude that the phrase "maximum possible term of the sentence" as used in section 1203.1, subdivision (*l*)(1) refers to the maximum possible term of imprisonment that could be imposed for the offenses, rather than the maximum probationary period allowable under any other law specifying a specific probation length.

7

First, this exact statutory phrase has already been construed by California courts because it was part of section 1203.1, subdivision (a) for decades *before* the enactment of Assembly Bill No. 1950. As we have noted, former subdivision (a) limited the length of felony probation to a period not exceeding the "maximum possible term of the sentence." (Former § 1203.1, subd. (a).) California courts consistently construed this phrase to refer to the maximum permissible term of imprisonment. (See, e.g., *In re Bolley* (1982) 129 Cal.App.3d 555, 557; *People v. Goldberg* (1975) 45 Cal.App.3d 601, 603; see also *People v. Lippner* (1933) 219 Cal. 395, 404–405 (*Lippner*) [construing nearly identical language of predecessor statute to mean the maximum term of imprisonment].) We presume that the Legislature intended the same meaning when it amended the statute and moved this phrase without change to what is now subdivision (*l*)(1). "It may be presumed that the Legislature, in passing the amendatory legislation, had in mind the original act . . . and it is a well-established rule of construction that when a word or phrase has been given a particular scope or meaning in one part or portion of a law it shall be given the same scope and meaning in other parts or portions of the law." (*Stillwell v. State Bar* (1946) 29 Cal.2d 119, 123.)

Second, the People's contrary interpretation would result in there being no statutory provision governing the maximum length of probation for violent felonies. By its terms, the provision of section 1203.1 subdivision (*l*)(1) limiting the length of felony probation to the "maximum possible term of the sentence" applies to violent felonies, as well as offenses with a specified length of probation. Yet violent felonies generally do not have any specified length of probation. (See *Schulz, supra*, 66 Cal.App.5th at pp. 898–899; § 667.5, subd. (c) [listing crimes characterized as violent felonies]; Couzens et al., Sentencing California Crimes (The Rutter Group 2022) (Couzens) Appx.

8

8A [listing crimes excluded from probation limits of Assembly Bill No. 1950 due to specific probation lengths].) If the People's interpretation were correct, and the statutory phrase "maximum possible term of the sentence" referred to the maximum allowable probation period under some other law specifying a length of probation, there would be no provision governing the maximum length of probation for violent felonies. This cannot be what the Legislature had in mind. Moreover, the phrase "maximum possible term of the sentence" cannot carry one meaning for violent felonies and a completely different meaning for felonies with a specified length of probation.

Third, the People's interpretation would also result in there being no maximum probation length for many non-violent felonies. As we have noted, the exception set forth in section 1203.1, subdivision (*l*)(1) applies to felonies for which another law specifies a minimum probation length. (*Qualkinbush*, *supra*, 79 Cal.App.5th at pp. 894–895; *Rodriguez*, *supra*, 79 Cal.App.5th at p. 644; *Forester*, *supra*, 78 Cal.App.5th at pp. 456–458.) But many of these laws specify *only* a minimum probation length, with no maximum. (See, e.g., § 273a, subd. (c)(1) [four-year minimum for child endangerment]; § 273d, subd. (c)(1) [three-year minimum for corporal punishment of child]; § 1203.047 [three-year minimum for computer crimes]; § 1203.097, subd. (a)(1) [three-year minimum for crimes against victims of domestic violence].) If we were to agree with the People, therefore, there would be no maximum probation length for felonies subject to other laws specifying only a minimum probation length. This would undermine the Legislature's intent in enacting Assembly Bill No. 1950 to shorten the length of felony probation.

Finally, we note that our interpretation is consistent with the views expressed in what has been described as the "leading treatise on California sentencing law." (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 109.) This

9

treatise similarly concludes that the statutory phrase "maximum possible term of the sentence" as used in section 1203.1, subdivision (*l*)(1) means "the maximum term of imprisonment in the state prison." (Couzens, *supra*, § 8:17, p. 249.) We have previously cited this treatise for its persuasive value in construing Assembly Bill No. 1950. (*Forester*, *supra*, 78 Cal.App.5th at p. 457.)

To summarize, Assembly Bill No. 1950's two-year maximum for felony probation does not apply to either violent felonies or felonies for which some other law specifies a length of probation. (§ 1203.1, subd. (*l*)(1).) For the latter category, the other applicable law specifying the length of probation remains in effect, except that the length of probation may not exceed the maximum possible term of imprisonment. For the former category (violent felonies), the court may place the defendant on probation for any length of time not exceeding the maximum possible term of imprisonment.

D.    *Application to This Case*

Kite argues that the trial court should have imposed: (1) a three-year probation term for the unstayed Vehicle Code section 23153 count—because three years is the upper term for that offense; and (2) a separate, concurrent two-year probation term for the Vehicle Code section 20001 count—because it is not subject to any exception to the two-year maximum for felony probation. (§ 1203.1, subd. (a).) The People agree that the trial court should have imposed a separate, concurrent two-year probation term for the Vehicle Code section 20001 count, but contend that the five-year probation term for the Vehicle Code section 23153 count was proper.

We disagree with both parties. Under California law, a defendant who is convicted of multiple felonies "is subject to a single grant of felony probation based on the suspended imposition of his *aggregate* sentence,

10

rather than separate grants of probation for each of the . . . discrete offenses." (*People v. Cole* (2020) 50 Cal.App.5th 715, 719 (*Cole*), italics added.) "[O]ur sentencing laws calculate an aggregate term based on the relationship between offenses." (*Ibid*. [citing § 1170.1, subd. (a); Cal. Rules of Court, rule 4.452(a)(1)].) Thus, the statutory phrase "the maximum possible term of the sentence"—as used in former section 1203.1, subdivision (a) governing the length of probation—"refer[s] to the aggregate sentence rather than the term imposed on a particular offense." (*Cole*, at p. 719, see also *People v. Aragon* (1992) 11 Cal.App.4th 749, 762, fn. 5 [calculating maximum period of probation under section 1203.1 by reference to the maximum aggregate term of imprisonment that could have been imposed]; see also *Lippner*, *supra*, 219 Cal. at pp. 404–405 [same under nearly identical predecessor statute].)

For the reasons we have already discussed, we conclude that this statutory phrase carries the same meaning in what is now section 1203.1, subdivision (*l*)(1). "Accordingly, the plain meaning of [this provision] is that the maximum term of probation for a qualified case will be the maximum aggregate term of imprisonment based on all of the admitted or proven crimes and enhancements: the upper term of the base term constituting the principal term (plus any count-specific conduct enhancements), any subordinate terms imposed consecutively (plus one-third of any count-specific conduct enhancements), plus any applicable status enhancements." (Couzens, *supra*, § 8.17, p. 250.) "Stated differently, defendants convicted of multiple counts, any one of which excludes them from AB 1950 and who are subject to the 'maximum sentence' period of probation, will have the status of an excluded defendant for the entire case, regardless of the number of counts and regardless of whether some of the counts are crimes which otherwise would be subject to limited terms of probation under AB 1950." (*Ibid*.)

11

Applying this interpretation, we must now consider what Kite's maximum aggregate term of imprisonment would have been for all counts of conviction. As noted, the trial court stayed the first Vehicle Code section 23153 count under Penal Code section 654, but imposed concurrent sentences for the other two counts. The parties do not dispute that the court properly applied section 654 to one of the two Vehicle Code section 23153 counts (which were both based on the same act of driving while intoxicated), but not to the Vehicle Code section 20001 hit-and-run count (which was based on the separate act of leaving the scene without presenting identification or rendering aid).[3] (Veh. Code, §§ 20001, 20003.) Thus, if the trial court had imposed a prison sentence, the maximum sentence would have been: (1) a principal upper term of three years for one of the two unstayed counts; and (2) a consecutive, subordinate term of one-third the midterm (eight months) for the other unstayed count. (§ 1170.1, subd. (a).) The result would have been an aggregate sentence of three years and eight months.

_____

[3] Penal Code section 654 prohibits separate punishment for multiple offenses arising from a single act or omission or indivisible course of conduct, and this prohibition applies to either concurrent or consecutive sentences. (*People v. Deloza* (1998) 18 Cal.4th 585, 591–592.) For purposes of section 654, driving under the influence causing bodily injury (Veh. Code, § 23153) and hit-and-run (Veh. Code, § 20001) are separate and distinct criminal acts. (See *People v. Butler* (1986) 184 Cal.App.3d 469, 473–474 [vehicular manslaughter and felony hit-and-run are separate and independent criminal acts involving different states of mind and objectives].) The criminal act prohibited by Vehicle Code section 23153 is driving under the influence of alcohol and causing bodily injury to another person. By contrast, " 'the gravamen of a [Vehicle Code] section 20001 offense . . . is not the initial injury to the victim, but leaving the scene without presenting identification or rendering aid.' " (*People v. Harbert* (2009) 170 Cal.App.4th 42, 59.) "Although a violation of [Vehicle Code] section 20001 is popularly denominated 'hit-and-run,' the act made criminal thereunder is not the 'hitting' but the 'running.' " (*People v. Corners* (1985) 176 Cal.App.3d 139, 148.)

12

In sum, we conclude that "the maximum possible term of the sentence" the court could have imposed on Kite is three years and eight months. (§ 1203.1, subd. (*l*)(1).)  The probation term must therefore be reduced from five years to three years and eight months.

## DISPOSITION

The five-year probation term is modified to a term of three years and eight months.  As so modified, the order granting probation is affirmed.  The trial court is directed to correct the order to reflect this modification and provide the probation department with a copy.


BUCHANAN, J.


WE CONCUR:


McCONNELL, P. J.


DO, J.

13