Filed 1/7/26  P. v. Lewis CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br>RENEE VELVET LEWIS,<br>　　　Defendant and Appellant. | A172629<br><br>(City & County of San Francisco Super. Ct. No. 24022347)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br>　**[NO CHANGE IN JUDGMENT]** |

**THE COURT\*:**

It is ordered that the opinion filed herein on December 17, 2025, be modified in the following particulars:

On page 5, the following footnote is added to the end of the last paragraph before the Disposition, as footnote 5;

> After we filed this opinion, Lewis sought a rehearing to advocate for a disposition that divests the trial court of authority to reject the plea agreement.  We denied the request.  No legal authority requires such a result, and our record does not suggest the trial court would have accepted the plea agreement at the sentencing hearing absent its erroneous belief that it could restrict Lewis from possessing animals for life.  Specific performance of the plea agreement "is only appropriate 'when it will implement the reasonable expectations of the parties *without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances.'*" (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1362.)  The court's comments at the sentencing hearing made it clear that Lewis had only two choices: she could accept

the change or withdraw her plea.  The record references a sidebar conference between the court and counsel occurring immediately after the lifetime ban was raised by the court, but it was unreported. Lacking contrary indications in the record, here we respect the trial court's "near plenary" discretion to withdraw or approve the negotiated plea.  (*People v. Mora-Duran* (2020) 45 Cal.App.5th 589, 595 ["In exercising the discretion to reject negotiated case resolutions, courts are charged with protecting and promoting the public's interest in vigorously prosecuting the accused, imposing appropriate punishment, and protecting crime victims"].)

This modification does not effect a change in the judgment.

Appellant's petition for rehearing is denied.


Dated: _____        __BANKE_____
                                        ACTING PRESIDING JUSTICE




*People v. Lewis* / A172629

2

Filed 12/17/25  P. v. Lewis CA1/1 (unmodified opinion)
Reposting correct version

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RENEE VELVET LEWIS,<br><br>        Defendant and Appellant. | A172629<br><br>(City & County of San Francisco Super. Ct. No. 24022347) |

Renee Velvet Lewis pled guilty to felony animal cruelty with the understanding that she would be prohibited from caring for animals during her term of probation.  At the sentencing hearing, the trial court changed this condition of probation by prohibiting Lewis from possessing animal pets "for life."  On appeal, Lewis claims this lifetime ban is an unauthorized sentence.  We agree and remand this case to the trial court for resentencing to address the lifetime restriction.

## I.  BACKGROUND

Pursuant to a negotiated disposition, Lewis pled guilty to one felony count of violating Penal Code section 597, subdivision (b),[1] in exchange for

---

[1] All statutory references are to the Penal Code.  Section 597 punishes persons who, inter alia, subject animals in their custody to needless suffering

being sentenced to two years of formal probation that included a condition forbidding her to "possess any animals as pets during the term of her probation." The balance of the charges against her, and charges pending in other cases,[2] would be dismissed as part of the deal.

At the sentencing hearing, the court placed Lewis on probation with conditions that included jail time, search conditions, and a fine that was stayed. Regarding the "no-animals condition," the court explained that Lewis would not be allowed to "possess any animals" "or pets," "work in a place where there are animals" or "tend" to, "housesit" or "handle animals at all." Lewis stated she understood the condition. But upon asking Lewis whether she accepted the terms and conditions of probation, the court added: "And the terms that I said to you about the animals is *for life* [¶] . . . [¶] *It is not just a term of the probation*." (Italics added.)

Explaining this change, the court recited portions of a sentencing report that factually described the underlying offense and the probation department's recommendation that Lewis "not possess any animals for the remainder of her life." The court then told Lewis: "[i]f you want this sentence, then you will be sentenced that you cannot have any dogs in any way, in any manner, care, pet care, or pet sitting, or possess any for the rest of your life." If Lewis would not accept the modification, the trial court offered that she could "take back her guilty pleas and start over again" and

---

or who fail to provide animals with proper food, drink, or shelter. (§ 597, subd. (b).)

[2] The other actions included two pending misdemeanor cases (Super. Ct. S.F. City, Nos. 24009622 and 24022348) and a separate probation case where probation would terminate as part of the disposition (Super. Ct. S.F. City, No. 22006215). ~(RT 8-10, 28)~ Conditions from these cases were transferred to the animal cruelty case. ~(2 RT 28-29)~

"go to trial on the matter." Lewis accepted the conditions of probation, including the lifetime ban.

## II. DISCUSSION

On appeal, both parties agree the condition prohibiting Lewis from possessing animals for life was unauthorized. Accordingly, they each ask for this case to be remanded to the trial court with instructions to vacate the lifetime ban and limit application of the "no-animals condition" to the duration of Lewis's probation. This is the correct outcome.

"The imposition of a sentence for which there is no statutory authority is jurisdictional error, subject to correction on appeal." (*In re Bolley* (1982) 129 Cal.App.3d 555, 557, fn. 1, citing *People v. Davis* (1981) 29 Cal.3d 814, 827, fn. 5.) Courts "cannot impose a condition of probation which extends beyond the maximum statutory term of probation." (*Bolley*, at p. 557; *In re Acosta* (1944) 65 Cal.App.2d 63, 64 ["nowhere in the law is the court empowered to impose conditions that cannot be fulfilled and satisfied within the limit of the period of time fixed by the court as the term of probation"].)

Persons convicted of animal cruelty pursuant to section 597 may, "as a condition of probation," be "prohibited from owning, possessing, caring for, or residing with, animals of any kind, . . ." (§ 597.1, subd. (l)(1),(2).)[3] Because the statute casts these restrictions as conditions of probation, they cannot—absent other legal authority—survive the term of probation. (See § 1203.3, subd. (b)(3) ["In all probation cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation . . . be discharged by the

---

[3] Section 600.8 also authorizes courts to order a probationer convicted of animal cruelty to treatment or to submit to a mental health evaluation.

court . . ."].)  Here, the lifetime ban aimed to subject Lewis to a burden that was "not just a term of the probation," but "for life."  The trial court did not cite statutory or decisional authority in support of the order, and we have found none that expands the court's discretion to such an extent.[4]

Lewis's acquiescence with the lifetime ban does not prevent our ability to consider the merits.  A defendant may challenge an unauthorized probation condition for the first time on appeal when it is "correctable without reference to factual findings."  (See *People v. Kim* (2011) 193 Cal.App.4th 836, 842 [unauthorized fine]; *People v. Anderson* (2010) 50 Cal.4th 19, 26 [describing narrow exception to forfeiture rule for sentences that are unauthorized or entered in excess of jurisdiction].)  "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case."  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  In any event, respondent concedes the error, does not object to this court addressing the merits, and recommends that we remand the case for correction.

In urging remand of the case, the parties also ask us to direct the trial court to modify the probation condition to extend only for the duration of Lewis's probation, an action with which we agree.  But this direction will not deprive the trial court of its authority to withdraw its prior approval of the negotiated plea.  Upon sentencing, " 'a trial court may exercise its discretion

---

[4] If the trial court was concerned that the length of Lewis's formal probation inadequately addressed Lewis's contact with animals, we call attention to section 597.9, which imposes a fine of $1,000 against a person who, within ten years after their conviction for felony animal cruelty "owns, possesses, maintains, has custody of, resides with, or cares for any animal . . ." (§ 597.9, subd. (b).)  The court may consider reducing the ten-year restriction but only in accordance with the procedure described by subdivision (d) of the statute.

to withdraw approval of a plea bargain because: (1) it believes the agreement is "unfair" [citation]; (2) new facts have come to light; (3) the court has become more fully informed about the case; or (4) when, after further consideration, the court concludes that the agreement is " ' "not in the best interests of society" ' " [citation]. ' " (*People v. Stamps* (2020) 9 Cal.5th 685, 706 (*Stamps*).)  Other reasons may also justify rejection of a negotiated disposition.  (*Ibid*.)  But once a judge accepts a plea bargain, the court " 'is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.' [Citation.]" (*People v. Segura* (2008) 44 Cal.4th 921, 931.)  And if the trial court opts against following the original plea agreement, either party may withdraw assent to it.  (*Stamps*, at p. 707.)  This is consistent with the trial court's admonition to Lewis that her plea of guilty was "not binding on the Court. ¶ If the court withdraws acceptance of [her] plea, [she] will be allowed to take back [her] guilty plea and enter a plea of not guilty if [she] wish[es] to do so. But if [she] chooses to] do that, any dismissed charges or allegations may be reinstated against [her]."

### III.  DISPOSITION

The probation condition prohibiting Lewis from possessing or caring for animals for the remainder of her life is vacated and the matter is remanded solely for resentencing consistent with this opinion, wherein the trial court shall either modify the no animal condition to extend no longer than the term of probation or allow defendant to withdraw her plea.  In all other respects, the judgment is affirmed.

5

_____

SMILEY, J.


WE CONCUR:


_____

BANKE, Acting P. J.


_____

LANGHORNE WILSON, J.


*People v. Lewis / A172629*

6