[Crim. No. 5849.   Second Dist., Div. Three.   Mar. 1, 1957.]

THE PEOPLE, Respondent, v. ROBERT E. MORGAN, Appellant.

Robert E. Morgan, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

THE COURT.—The People have moved to dismiss the purported appeal by Robert E. Morgan from a judgment and an order heretofore made by the superior court, which motion is resisted by the defendant.  From the record before us we are advised of the following facts.  Pursuant to verdicts adjudging defendant guilty of four offenses of issuing checks without sufficient funds and one offense of grand theft judgment was entered on the 11th day of March, 1954, sentencing defendant to state prison. The judgment was affirmed (*People v. Morgan,* 134 Cal.App.2d 97 [285 P.2d 336]) on June 24, 1955.  A stay of execution of the judgment pending the appeal was issued by the trial court March 11, 1954.  Upon affirmance of the judgment, the trial court, on June 24, 1955, on motion of the district attorney, terminated the stay of execution of

the judgment. Defendant was in court upon the hearing of the motion. Upon vacating the stay of execution, the court ordered that "the sheriff is ordered to place in full force and effect the judgment heretofore rendered," and defendant was returned to prison. Under date of July 25, 1956, the defendant gave notice of a motion "to vacate and set aside the judgment in the above entitled matter heretofore made on June 24, 1955," and with the notice he filed a written motion "that an order be issued vacating and setting aside the judgment heretofore entered in the above entitled matter." On August 17, 1956, defendant, through his counsel, presented his motion and the court ordered "Defendant's motion to vacate the judgment is denied." Defendant gave notice of appeal in which he described his appeal as one from "the order denying his motion to vacate the judgment" and he so designated the appeal in a request for an additional record.

The attorney general has moved to dismiss the appeal upon the ground that the superior court was without jurisdiction to entertain defendant's motion for the reason that he had previously appealed from the judgment and the same had been affirmed on appeal. The motion must be granted. The trial court could not entertain a motion to vacate the judgment (Pen. Code, § 1265; *People* v. *Ponce,* 103 Cal.App. 2d 271 [229 P.2d 77]).

Defendant says that he did not move the trial court for an order vacating the judgment but only for an order vacating the order of June 24, 1955, by which the court vacated the stay of execution and ordered that the judgment be executed. Even so, he has not presented an appeal to this court. The order of June 24, 1955, was entered on the same day the judgment was affirmed by Division Two of this court. The order vacating the stay of execution did not affect any substantial right of the defendant (Pen. Code, § 1237); he had no legal right to a continued stay of execution; and, in any event, since the judgment has become final, all questions of claimed error in the order have long since become moot.

The appeal is dismissed.

A petition for a rehearing was denied March 13, 1957, and appellant's petition for a hearing by the Supreme Court was denied April 25, 1957.