[Crim. No. 42692. Second Dist., Div. Five. Apr. 13, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD SOUKUP, Defendant and Appellant.

COUNSEL

William Sheffield and Stephen Paul Bartol for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Robert D. Breton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ASHBY, J.—Appellant Edward Soukup appeals from the trial court's order denying his motion to be discharged from probation after his conviction had been affirmed on appeal. He claims that his period of probation expired before the trial court ordered his judgment into execution.

In 1978, appellant was convicted in the Superior Court of Los Angeles County of four counts of grand theft and one count of conspiracy to commit grand theft. The judgment is contained on a form which provides for the checking of boxes and the filling of blanks. It indicates that proceedings were suspended on June 28, 1978, and appellant was placed on three years' probation on condition, among others, that he serve the first year in county jail. "Stay of execution" was granted to 1:30 p.m. on July 12, 1978, "pending posting of appeal bond." The court set bail in the amount of $3,000 and released appellant on his own recognizance pending posting of an appeal bond by the indicated date. The form then contains a typewritten notice that bail for appeal was posted on the same date.

Subsequently, in *People* v. *Coy*\* (Cal.App.), this court affirmed the judgment as to the four counts of grand theft, reversing only the conspiracy count. On August 26, 1981, the Supreme Court denied a hearing and the remittitur issued. The trial court ordered the judgment into execution on October 1, 1981. On September 30, 1981, the court granted appellant a stay of execution to allow him to move for modification of probation. In a hearing on November 30, 1981, it denied appellant's motion to be discharged from probation, but continued the hearing on his motion to modify probation pending this appeal. Appellant has remained free on his own recognizance since then.

Appellant contends the execution of his three-year probationary period was stayed only until July 12, 1978. He maintains that even though he was excused from serving his jail time pending appeal, his probation commenced on July 12, 1978, and expired prior to the date the trial court ordered the judgment into execution following affirmance on appeal. After July 12, 1981, he argues, the trial court lacked jurisdiction to modify his probation, and could do nothing but discharge him.

---

*Reporter's Note: Deleted on direction of Supreme Court by order dated August 26, 1981.

The validity of appellant's contention turns on whether execution of his judgment was stayed pending appeal. If his entire period of probation had expired, the trial court thereafter lacked jurisdiction to enforce or modify it. (Pen. Code, § 1203.3; *In re Griffin* (1967) 67 Cal.2d 343, 346 [62 Cal.Rptr. 1, 431 P.2d 625]; *People* v. *O'Donnell* (1913) 37 Cal.App. 192, 196-197 [174 P. 102].) If probation was stayed, however, the period of probation did not commence to run until after issuance of remittitur, and the trial court retained jurisdiction to enforce or modify its judgment. (*In re Kennick* (1982) 128 Cal.App.3d 959, 962 [180 Cal.Rptr. 731]; *In re Stallings* (1970) 5 Cal.App.3d 322, 330-331 [85 Cal.Rptr. 96].)

■ We find the trial court stayed appellant's entire probationary term not only until July 12, 1978, but pending the appellate decision. The court *In re Kennick, supra,* 128 Cal.App.3d 959, reached the same conclusion on nearly identical facts. The *Kennick* case was brought by Gary Kennick, appellant's codefendant in the original action. Kennick's judgment was recorded on a form identical to the one in the instant case. He also was granted three years' probation upon condition that he serve the first year in jail, and, as here, he received a " '[s]tay of execution' " to 1:30 p.m. on July 12, 1978, " 'pending posting of an appeal bond.' " (*In re Kennick, supra,* 128 Cal.App.3d 959, 964.) In *Kennick,* this court pointed out that " [a] judgment is an integrated whole and a stay of its execution stays all of its parts unless the court specifies otherwise. . . . [¶] [T]he usual progression is to have the confinement period served first to be followed by a phasing of the defendant into society under probationary supervision. It would be a rare case that a trial court would reverse the sequence. . . . In fact the trial court's judgment that defendant served the *first* year of the period in confinement points in exactly the opposite direction." (*Id.,* at p. 963; italics in original.) Turning to the judgment form itself, the court observed: "A common sense reading of that judgment leads to the single conclusion that the trial judge stayed the execution of the *entire* judgment on condition that the defendant post an appeal bond . . . by the indicated date." (*Id.,* at p. 964, italics in original.) (See also *People* v. *White* (1982) 133 Cal.App.3d 677, 682-683 [184 Cal.Rptr. 134].) The record in the instant case compels the same conclusion. Appellant's entire term of probation was stayed pending his appeal, and therefore did not commence until after the remittitur had been issued.

During oral argument, appellant cited *In re Osslo* (1958) 51 Cal.2d 371, 377, footnote 6 [334 P.2d 1]. There, the Supreme Court remarked that a release on bail granted to the *Osslo* defendants during pendency of their appeal did not suspend operation of their probation other than the provision of confinement. Appellant claims this case conflicts with *In re Kennick, supra,* 128 Cal.App.3d 959, and requires us to find that the trial court here lacked jurisdiction over him. *Osslo,* however, does not compel this result. As discussed above, the record in the instant case clearly shows the trial court here did not intend to stay

only the first and most onerous condition of probation, but instead suspended probation entirely until the appellate process was concluded.

Even assuming, however, that appellant's release on bail stayed only the execution of his jail term and that the remaining conditions of probation continued to run as they did in *Osslo,* nothing indicates that the trial court thereafter lacked jurisdiction to enforce the one condition stayed. On the contrary, Penal Code section 1273 provides that in cases where imprisonment has been imposed, a defendant may be released on bail upon appeal only if he undertakes to "surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed . . . ." Clearly, the Legislature intended to permit a stay of imprisonment only if the defendant's full compliance with the judgment after completion of the appellate process was assured. The rule appellant here proposes would frustrate this legislative intent by turning the bail procedure into a device to escape imprisonment should the time required for disposition on appeal exceed the time set for probation. This is not the law.

Appellant claims that Penal Code section 1203.3 precludes the trial court's jurisdiction to enforce or modify his probation after July 12, 1981. Section 1203.3, however, permits the court to revoke or modify probation "at any time *during the term of probation.*" (Italics added.) Where the most onerous term of probation was *stayed* on appellant's express request pending appeal, the "term of probation" is not *complete* until this term has been served, despite the fact that appellant may have fulfilled other conditions of probation.

Other cases appellant relies on also do not support his position. (*Ex Parte Slattery* (1912) 163 Cal. 176 [124 P. 856] [probation improperly revoked after defendant successfully completed entire probationary term]; *People* v. *O'Donnell, supra,* 37 Cal.App. 192 [probation improperly revoked where defendant was rearrested after he had spent all three years of his probationary term outside of court's jurisdiction].) In neither of these cases had the court retained jurisdiction by *staying* probation, in whole or in part, so that the "term of probation" indeed had expired before revocation was attempted. Here, however, the express stay of at least one of the conditions of probation prevented its expiration.

More analogous to the instant situation is *In re Griffin, supra,* 67 Cal.2d 343. There, the defendant requested and received a one month continuance of his probation violation hearing some two and a half weeks before probation was to expire. The Supreme Court declared that his request estopped him from attacking the ensuing revocation of probation as in excess of jurisdiction. The court observed: "Whether [the defendant] shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the

courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' " (*In re Griffin, supra,* 67 Cal.2d at p. 348.) Similarly, even if the trial court in the instant case *had* acted in excess of its jurisdiction, appellant would nonetheless be estopped to complain about the delay because he himself requested it and reaped its benefit.

Appellant asserts that because from 1978 until 1981, he complied with all other conditions of probation and was a model prisoner, he should be relieved from having to go to jail. This contention, however, is properly addressed not to us but to the trial judge. (Pen. Code, § 1203.3.) In conclusion, we hold the trial court retained jurisdiction to order appellant's entire probationary term into execution and may, upon appellant's motion, modify it if it finds that the ends of justice will be served thereby.

■ Lastly, we agree with the People that the instant question should have come to us by way of petition for habeas corpus instead of on appeal. (See *In re Griffin, supra,* 67 Cal.2d 343, 346; and *In re Kennick, supra,* 128 Cal.App.3d 959, 961.) An order made after judgment is appealable only if it affects a substantial right of the party. (Pen. Code, § 1237, subd. 2; *People* v. *Gainer* (1982) 133 Cal.App.3d 636, 641 [184 Cal.Rptr. 120].) Here, the trial court's order denying discharge from probation could not affect a "substantial right" because none existed. (See *People* v. *Gainer, supra,* at p. 641; *People* v. *Morgan* (1957) 148 Cal.App.2d 871, 872 [307 P.2d 717].)

Accordingly, the appeal is dismissed.

Feinerman, P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1983. Bird, C. J., was of the opinion that the petition should be granted.