[No. A052056. First Dist., Div. One. Nov. 13, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
GERARDO ANGELES ROMERO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

_____

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

COUNSEL

Norton Tooby, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George H. Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald S. Matthias and Joanne S. Abelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STEIN, J.—Gerardo Angeles Romero appeals from an order denying his motion to modify or terminate probation and to obtain release from penalties.

FACTUAL AND PROCEDURAL BACKGROUND

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

On August 4, 1988, appellant pled guilty to one count of sexual battery (Pen. Code, § 243.4, subd. (a)).[1] On February 24, 1989, imposition of sentence was suspended and appellant was placed on probation for three years, with one year in county jail. He received credit for time served in jail and was released.

On October 9, 1990, appellant filed a motion for early termination of probation and to obtain release from penalties pursuant to sections 1203.3 and 1203.4, stating that he had complied with all terms of probation and

---

*See footnote, *ante*, page 1423.
[1]All statutory references are to the Penal Code.

needed the conviction expunged to make him eligible for permanent resident status.[2] On October 25, 1990, the motion was denied.[3]

A timely notice of appeal was filed on December 17, 1990.

## DISCUSSION

### *Appealability of the Order*

■ Citing *People* v. *Soukup* (1983) 141 Cal.App.3d 858 [190 Cal.Rptr. 635] (disapproved on other grounds in *In re Bakke* (1986) 42 Cal.3d 84, 88 [227 Cal.Rptr. 663, 720 P.2d 11]), respondent argues that the order denying a section 1203.4 motion is not appealable. Section 1237 provides that a defendant may appeal in the following circumstances: "(a) From a final judgment of conviction . . . . A sentence, [or] an order granting probation, . . . shall be deemed to be a final judgment within the meaning of this section. . . . [¶] (b) From any order made after judgment, affecting the substantial rights of the party."

The court in *Soukup, supra,* 141 Cal.App.3d 858 after deciding the merits of the issue raised, stated that the order should have been reviewed by means of a petition for writ of habeas corpus. The court stated that since the defendant had no right to the relief requested, no substantial rights were involved. We decline to follow this rule, since it requires a resolution of the merits of the appeal before it can be determined whether the order was appealable. In *People* v. *Chandler* (1988) 203 Cal.App.3d 782 [250 Cal.Rptr. 730], the court determined that an order denying section 1203.4 relief was appealable as an order made after judgment. The judgment in that case was

---

[2]Section 1203.3 provides in relevant part: "(a) The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence."

Section 1203.4 provides in relevant part: "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. . . ."

[3]On November 15, 1990, appellant filed a motion to reduce the offense to a misdemeanor. This motion was denied, without prejudice, on December 17, 1990. No issue is raised regarding that motion.

the order granting probation, where the period of probation had expired. The rule regarding appealability of such orders should not be otherwise merely because the probationary term has not yet expired.

In *In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445], the Supreme Court stated that an order modifying probation is appealable as an order after judgment affecting substantial rights. The court distinguished *People* v. *Robinson* (1954) 43 Cal.2d 143 [271 P.2d 872], which held that an order revoking probation was not appealable because the purpose of a revocation order was to allow a final judgment to be entered. We find that the order denying appellant's motion is appealable as an order after judgment pursuant to the express language of section 1237.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

The order appealed from is affirmed.

Newsom, Acting P. J., and Dossee, J., concurred.

---

*See footnote, *ante*, page 1423.