Filed 7/10/14  P. v. Moreno CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL ROSAS MORENO,<br><br>    Defendant and Appellant. | B254207<br><br>(Los Angeles County<br>Super. Ct. No. KA047370) |

APPEAL from an order of the Superior Court of the County of Los Angeles, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner, Executive Director, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Manuel Rosas Moreno (defendant) appeals[1] from the denial of his petition for recall of sentence made pursuant to Penal Code section 1170.126.[2] The trial court denied defendant's petition because he was convicted of first degree burglary, a serious felony, making him ineligible for resentencing pursuant to section 1170.126.

On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende*, *supra*, 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment or appealable order. On March 27, 2014, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant filed a supplemental brief in which he contends that the "facts and circumstances" underlying his first degree burglary conviction does not justify his sentence of an indeterminate term of 40 years to life under sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d) ("Three Strikes" law). We have reviewed the record and affirm the order.

---

[1]     The California Supreme Court is currently reviewing whether denial of a section 1170.126 petition for recall and resentencing is an appealable order. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.) Defendant contends that he is entitled to relief under *People v. Romero* (1991) 235 Cal.App.3d 1423, holding that an order denying motion for early termination of probation and relief under section 1203.4 is appealable. (*Id.* at pp. 1425-1426,) We assume, without deciding, that denial of an order denying a section 1170.126 petition for recall and resentencing is appealable. In addition, although there is authority that defendant in not entitled to appellate review of the denial of his petition under *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Anderson* (2014) 225 Cal.App.4th 1368, 1371-1376), we review the order.

[2]     All statutory citations are to the Penal Code unless otherwise noted.

**FACTUAL BACKGROUND**

In 2000, defendant was convicted after a jury trial in the instant case on charges of first degree burglary (§ 459) and petty theft (§ 666). Because he also suffered three prior "strike" convictions (§§ 667, 1170.12), he was sentenced under the Three Strikes law to an indeterminate term of 40 years to life.

In December 2013, defendant filed a petition "to assess for resentencing" under section 1170.126. The trial court denied defendant's petition, finding that defendant was ineligible for recall of his sentence under section 1170.126 because his current burglary conviction is defined as a serious felony. Defendant timely filed a notice of appeal from this denial order.

**DISCUSSION**

Section 1170.126 provides in relevant part: "(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing . . . ." Defendant's current conviction is for first degree burglary (§ 459). First degree burglary is defined as a serious felony under section 1192.7, subdivision (c)(18). Therefore defendant's petition was properly denied.

Defendant contends that the "facts and circumstances" underlying his first degree burglary conviction do not justify his sentence of an indeterminate term of 40 years to life under the Three Strikes law, characterizing it as "grossly unfair." As noted above, defendant was convicted of first degree burglary in violation of section 459. Section 459 provides, "Every person who enters any house . . . with intent to commit grand or petit

3

larceny or any felony is guilty of burglary." The legislature has determined that first degree burglary, regardless of the "facts and circumstances," is a serious felony. (§ 1192.7, subd. (c)(18).) "Residential burglary is an extremely serious crime presenting a high degree of danger to society. "'Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence." [Citation.]'" (*People v. Weaver* (1984) 161 Cal.App.3d 119, 127.)

In addition to reviewing and addressing the matters raised in defendant's supplemental brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no other arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with his responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                    MOSK, J.



We concur:



        TURNER, P. J.



        KRIEGLER, J.