Filed 6/24/22  P. v. Hernandez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO HERNANDEZ,<br><br>    Defendant and Appellant. | B315945<br><br>(Los Angeles County<br>Super. Ct. No. MA073803) |

APPEAL from an order of the Superior Court of Los Angeles County.  Shannon Knight, Judge.  Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Sergio Hernandez appeals the order denying his motion to terminate probation two years after sentencing. Appellant contends that his probation terminated in June 2020 by operation of law based on the retroactive application of Penal Code[1] section 1203.1, subdivision (a) (as amended by Assem. Bill No. 1950 (2019–2020 Reg. Sess.)), which limits the term of probation in most cases to two years. According to appellant, because the trial court's jurisdiction over appellant's case terminated at the latest in June 2020, the trial court's August 2020 summary revocation of his probation and all subsequent orders must be vacated. We disagree and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 10, 2018, around 8:15 a.m., C.R. came home to find appellant standing in her driveway. Appellant and C.R. had previously been married for about 14 years, and C.R. had an active restraining order against appellant. Appellant had recently come to C.R.'s home on multiple occasions in violation of the restraining order. C.R. told appellant to leave and not to enter the house. Appellant responded that she could " '[c]all the cops,' " but he was going inside and the police would have to get him out. Appellant then broke a window with a stick and entered the house through the broken window. He went upstairs to the master bedroom and locked himself inside. Law enforcement arrived and took appellant into custody. The cost to replace the damaged window was about $400.

On May 24, 2018, appellant waived his rights to a preliminary hearing and trial, and entered a plea of no contest to one count of felony vandalism. (§ 594, subd. (a).) The trial court

---

[1] Undesignated statutory references are to the Penal Code.

2

found a factual basis for the plea in the police reports. At sentencing on June 14, 2018, the trial court stated it had reviewed the probation report and observed that appellant had a pending misdemeanor in Los Angeles County Superior Court (LASC) case No. 8AN02353 for an alleged violation of the domestic violence protective order issued in LASC case No. 6AN02363. In the latter case (6AN02363), appellant was on probation following a conviction for infliction of corporal injury on a spouse or cohabitant in violation of section 273.5. The court remarked that the felony vandalism charge in the instant case would also constitute a violation of the protective order in LASC case number 6AN02363.

After reciting the facts underlying the felony vandalism charge set forth in the probation report, the trial court declared it would "very reluctantly go along with the proposed disposition in the felony matter." The court suspended imposition of sentence and placed appellant on five years' formal probation with 180 days in county jail. The terms and conditions of probation included a 10-year criminal protective order for the victim and payment of a $500 domestic violence fee pursuant to section 1203.097.

Two years later, in accordance with the probation department's request, the trial court scheduled a probation violation hearing for August 24, 2020. On that date, defense counsel appeared, but appellant did not; the trial court summarily revoked probation and issued a bench warrant for appellant's arrest. Appellant appeared for the bench warrant hearing on September 20, 2021 and a probation violation hearing was set.

3

Prior to the hearing, appellant filed a motion to terminate probation retroactively to June 13, 2020, pursuant to Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950. At the probation violation hearing on October 26, 2021, appellant argued the trial court lacked jurisdiction to revoke probation on August 24, 2020, because Assembly Bill No. 1950 applied retroactively to limit his term of probation to two years, and his conviction for felony vandalism did not qualify for the 36-month probationary term required for domestic violence cases under Penal Code section 1203.097. The trial court rejected appellant's argument, concluding that application of the 36-month probationary term under section 1203.097 is not determined by the specific offense of which the defendant stands convicted, but whether the victim of that offense is a person defined in Family Code section 6211. (Pen. Code, § 1203.097, subd. (a).) Because a three-year probationary term would not have expired until June 13, 2021, the August 2020 revocation of appellant's probation occurred during the valid probationary term, and the trial court retained jurisdiction to address any violations that occurred prior to revocation.

In light of the trial court's denial of the motion and its determination that it had jurisdiction to adjudicate the probation violations, appellant admitted violating probation. The trial court terminated probation and sentenced appellant to the low term of 16 months in county jail. This appeal followed.[2]

---

[2] We advised the parties pursuant to Government Code section 68081 that we were considering dismissal of the appeal on the ground that appellant had failed to seek or obtain from the trial court a certificate of probable cause for the instant appeal in

4

## DISCUSSION

Appellant contends that retroactive application of the two-year limitation on probation established by Assembly Bill No. 1950's amendments to section 1203.1 requires the reduction of his term of probation from five years to two years, and the trial court erred in denying his motion to terminate probation. Therefore, according to appellant, the summary revocation of probation in August 2020 and all subsequent orders must be reversed because the trial court lost jurisdiction over the case when appellant's probation terminated by operation of law in June 2020.

The People do not dispute that Assembly Bill No. 1950 applies retroactively to defendants who were serving a term of probation when the legislation became effective on January 1,

---

accordance with Penal Code section 1237.5, subdivision (b).  In response, appellant cited this court's prior order limiting the appeal to issues that do not require a certificate of probable cause, including the denial of appellant's motion to terminate probation pursuant to Assembly Bill No. 1950.

An appeal from an order denying a motion for termination of probation is authorized under section 1237, subdivision (b), as an appeal from an order after judgment affecting the substantial rights of the party.  (*In re Bine* (1957) 47 Cal.2d 814, 817 [order modifying probation appealable]; *People v. Romero* (1991) 235 Cal.App.3d 1423, 1425–1426 [order denying motion for early termination of probation and relief under section 1203.3, subd. (a) appealable]; *People v. Chandler* (1988) 203 Cal.App.3d 782, 787 [order denying relief under section 1203.4, subd. (a) appealable].) In light of the limitation of the issues to the denial of appellant's motion to terminate probation under Assembly Bill No. 1950, a certificate of probable cause is not required in this case.

2021.[3]  Respondent maintains, however, that because appellant's conviction for felony vandalism involved domestic violence as set forth in section 1203.097, and such crimes carry a 36-month minimum term of probation, appellant does not qualify for the ameliorative benefits of Assembly Bill No. 1950.  The trial court thus properly denied appellant's motion to terminate probation. We agree.

   1.  *Assembly Bill No. 1950*

      Effective January 1, 2021, Assembly Bill No. 1950 amended section 1203.1 to limit the length of probation in most felony cases to two years.  (§ 1203.1, subd. (a); *People v. Saxton* (2021) 68 Cal.App.5th 428, 431 (*Saxton*).)  But the two-year limit does not apply to all offenses:  Exempt from the limit is any "offense

---

[3] We have no quarrel with this proposition either.  In *In re Estrada* (1965) 63 Cal.2d 740, our Supreme Court "held that an amendatory statute lessening punishment for a crime was presumptively retroactive and applied to all persons whose judgments were not yet final at the time the statute took effect." (*People v. Frahs* (2020) 9 Cal.5th 618, 624; *People v. Conley* (2016) 63 Cal.4th 646, 657 ["The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not"].) Here, the ameliorative nature of Assembly Bill No. 1950 "places it squarely within the spirit of the *Estrada* rule" (*Frahs,* at p. 631), and the only reasonable inference to draw from the legislative history of the amendment is that the shorter term of probation "now deemed to be sufficient should apply to every case to which it constitutionally could apply."  (*Id.* at pp. 627–628; *People v. Quinn* (2021) 59 Cal.App.5th 874, 883.)

6

that includes specific probation lengths within its provisions."[4] (§ 1203.1, subd. (*l*)(1); *People v. Rodriguez* (June 7, 2022, No. A160994) ___Cal.App.5th___ [2022 Cal. App. LEXIS 494, at p. *4] (*Rodriguez*); *Forester*, *supra*, 78 Cal.App.5th at p. 452; *Saxton*, at p. 431.)

Whether appellant's case falls under this exemption presents an issue of statutory interpretation which we review independently. (*Rodriguez*, *supra*, 2022 Cal.App.LEXIS 494, at p. *4; *Saxton*, *supra*, 68 Cal.App.5th at p. 431.) In doing so, we adhere to the well-established rules of statutory construction, beginning with the premise that "the language used in a statute or constitutional provision should be given its ordinary meaning, and '[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters).' " (*People v. Valencia* (2017) 3 Cal.5th 347, 357.) Of course, " '[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.' [Citation.] [And] '[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.' "

---

[4] Section 1203.1, subdivision (a)'s felony probation limitation also does not apply to violent felonies listed in section 667.5, subdivision (c) (§ 1203.1, subd. (*l*)(1)), or certain crimes involving grand theft, embezzlement, or making false financial statements (§ 1203.1, subd. (*l*)(2)). (*People v. Forester* (2022) 78 Cal.App.5th 447, 452 (*Forester*).)

(*Valencia*, at pp. 357–358, quoting *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.)

> 2. *The mandatory minimum probationary term for domestic violence offenses under section 1203.097*

Penal Code section 1203.097, subdivision (a)(1) requires a 36-month minimum period of probation "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code."

Family Code section 6211, subdivision (a) defines domestic violence as abuse that is perpetrated against "[a] spouse or former spouse." Under the Domestic Violence Prevention Act (Fam. Code, § 6200 et. seq.), of which Family Code section 6211 is a part, "[a]buse is not limited to the actual infliction of physical injury or assault" (Fam. Code, § 6203, subd. (b)), but includes "any behavior that has been or could be enjoined pursuant to Section 6320." (Fam. Code, § 6203, subd. (a)(4).) Family Code section 6320 in turn states in relevant part that "[t]he court may issue an ex parte order enjoining a party from . . . destroying personal property, contacting, . . . coming within a specified distance of, or disturbing the peace of the other party."

Penal Code section 1203.097 is not limited in its application to particular offenses. (*Forester, supra,* 78 Cal.App.5th at p. 453.) Rather, the statute applies to "defendants convicted of any crime of 'abuse' so long as the victim is a person identified in Family Code section 6211." (*People v. Cates* (2009) 170 Cal.App.4th 545, 550 [Pen. Code, § 1203.097 applies to a violation of Pen. Code, § 245, subd. (a)(1) where the assault involves a victim defined in Family Code section 6211]; *id.*, at p. 548 [Penal Code "[s]ection 1203.097 applies to any person placed on probation for a crime if the underlying facts of the case involve domestic violence, even if

8

the statute defining the crime does not specifically refer to domestic violence"].)  Thus, Penal Code section 1203.097 applies to an offense like felony vandalism, where the facts underlying the offense involve a victim defined in Family Code section 6211. (See *Cates*, at p. 550; *Forester*, *supra*, 78 Cal.App.5th at p. 450 [Pen. Code, § 1203.097 applied to make stalking conviction ineligible for two-year limit on felony probation under Pen. Code, § 1203.1, subd. (a) where crime was perpetrated against victim of domestic violence]; *Rodriguez*, *supra*, 2022 Cal.App.LEXIS 494, at p. *8 [Pen. Code, § 1203.097 applied to defendant's conviction of assault under Pen. Code, § 245, subd. (a)(4), given the " 'domestic violence nexus' " to the offense]; *People v. Brown* (2001) 96 Cal.App.4th Supp. 1, 39–40 [probation conditions under Pen. Code, § 1203.097 applied to defendant's vandalism conviction where he smashed windows of wife's car].)

3. *The trial court properly concluded that appellant's conviction for felony vandalism involved domestic violence within the meaning of section 1203.097*

Appellant contends his felony vandalism conviction under section 594 is not exempt from Assembly Bill No. 1950's two-year probation limit because the felony vandalism statute does not contain a specific length of probation.  (§ 1203.1, subd. (*l*)(1).)  He asserts that the trial court engaged in impermissible factfinding to conclude otherwise, and thus erroneously denied the motion to terminate probation.  We disagree.

While the language of the exemption under section 1203.1, subdivision (*l*)(1) appears plain enough when viewed in isolation, it must nevertheless "be construed in context and harmonized with other related statutes to the extent possible."  (*Rodriguez*, *supra*, 2022 Cal.App.LEXIS 494, at p. *6, citing *Dyna-Med, Inc. v.*

9

*Fair Employment & Housing Com., supra*, 43 Cal.3d at pp. 1386–1387.)  We must therefore "construe the language at issue in context and harmonize it to the extent possible with other related statutes regarding probation lengths." (*Rodriguez*, at p. *6.)

The Penal Code frequently separates punishment provisions from the definitions of crimes, including placing mandatory probation terms in an entirely separate statute from the statute defining the offense.  (*Rodriguez*, *supra*, 2022 Cal.App.LEXIS 494, at p. *6; *Forester*, *supra*, 78 Cal.App.5th at pp. 454–455.)  Thus, for example, Penal Code section 1203.047 specifies a minimum probationary term of three years (except where justice requires a shorter term) for a violation of Penal Code section 502, subdivision (c), defining a range of computer crimes.  If a person is convicted under Vehicle Code section 23152 or 23153 and is granted probation, Vehicle Code section 23600, subdivision (b)(1) requires a minimum probationary term of three years.  And in the domestic violence context, Penal Code section 273.5 does not itself contain a specific length of probation, "but requires that if probation is granted to a person convicted under section 273.5, subdivision (a), the terms of the probation must be consistent with the provisions of section 1203.097." (*Rodriguez*, at p. *7; *Forester*, at p. 455.)

As the court in *Rodriguez* recognized, "[p]enal statutes that set forth the elements of an offense and the sentencing provisions that are triggered upon conviction 'operate in tandem to define the crime and its consequences.' [Citation.]  Accordingly, a penal statute that works in tandem with a separate sentencing statute—separate in form, but not in function—is exempt from Assembly Bill 1950's probation limits." (*Rodriguez*, *supra*, 2022 Cal.App.LEXIS 494, at p. *9, citing *People v. Saxton*, *supra*, 68

10

Cal.App. 5th at p. 432.)  Therefore, " '[b]ecause of [Penal Code] section 1203.097, a conviction of a crime where the victim is listed in Family Code section 6211 is an offense "that includes [a] specific probation length[ ] within its provisions" for the purposes of the exception under [Penal Code] section 1203.1, subdivision [(*l*)(1)].  The underlying crime, however, may not normally carry a minimum probationary term.  For example, probation for a violation of Penal Code section 245, subdivision (a)(4) [assault by means of force likely to produce great bodily injury], does not normally have a minimum term of probation—which means felony probation is limited to two years.  But if the victim is a person included in Family Code section 6211, [Penal Code] section 1203.1, subdivision [(*l*)(1)], provides an exception to the new limits established by [Assembly Bill No.] 1950.' (Couzens et al., Sentencing California Crimes (The Rutter Group 2021) § 8:15.30, pp. 8-20 to 8-21, fn. omitted.)" (*Forester*, *supra*, 78 Cal.App.5th at p. 457.)

We find this reasoning persuasive, and as in *Forester*, "we conclude that a defendant who is placed on probation for committing a crime against a victim of domestic violence, as defined by section 1203.097, has committed 'an offense that includes specific probation lengths within its provisions.' (§ 1203.1, subd. (*l*)(1).)  In such circumstances, and in the absence of a contrary legislative indication, the two-year felony probation limitation codified in section 1203.1, subdivision (a) does not apply." (*Forester*, *supra*, 78 Cal.App.5th at pp. 457–458.)

11

*4. The trial court properly relied on the probation reports in determining that appellant's conviction for felony vandalism involved domestic violence within the meaning of section 1203.097*

Appellant contends the trial court violated his fundamental rights by engaging in "impermissible factfinding" based on hearsay to determine that appellant's felony vandalism conviction constituted a domestic violence offense subject to section 1203.097. He also asserts that "the facts necessary to increase the statutory minimum term of probation—including the identification of the property damaged, [to] whom the property belonged . . . , the relationship of that person to [appellant], and whether the damaging of the property somehow constituted the 'abuse' of a person with a qualifying relationship—are all facts subject to the constitutional requirement[ ]" that any facts increasing the minimum available punishment "must be either admitted or proven to a jury beyond a reasonable doubt." Appellant's claim lacks merit.

In imposing sentence, a trial court is not restricted only to the facts a defendant admits during his plea colloquy, but may also consider any facts set forth in the probation report, including the details of the crime itself. (*People v. Otto* (2001) 26 Cal.4th 200, 212–213 (*Otto*) ["courts routinely rely upon hearsay statements contained in probation reports to make factual findings concerning the details of the crime"]; *People v. Tran* (2015) 242 Cal.App.4th 877, 888, fn. 5 ["The court may also consider and rely upon hearsay statements contained in a probation report, including the police reports used to prepare the crime summaries contained in the report"]; see also *People v. Stevens* (2015) 62 Cal.4th 325, 335 [" 'a probation report is

12

required and must be read and considered by the sentencing judge' "].)

A sentencing court's reference to the probation report does not implicate a defendant's right to confrontation because that right does not apply in noncapital sentencing hearings. (E.g., *People v. Arbuckle* (1978) 22 Cal.3d 749, 754 (*Arbuckle*); *People v. Cain* (2000) 82 Cal.App.4th 81, 86–87 (*Cain*).) It also does not offend due process, which requires the evidence relied upon by a sentencing court be sufficiently reliable as to comport with notions of fundamental fairness. (*People v. Lamb* (1999) 76 Cal.App.4th 664, 683 (*Lamb*) [due process does not require the same evidentiary protections for a criminal defendant at sentencing as at trial; as long as a substantial basis exists to believe the information is reliable, its consideration by a sentencing court does not violate fundamental fairness]; *People v. Baumann* (1985) 176 Cal.App.3d 67, 81 [" 'Due process does not require a judge to draw sentencing information through the narrow net of courtroom evidence rules . . . sentencing judges are given virtually unlimited discretion as to the kind of information they can consider and the source from whence it comes' "].)

It is well-settled that information set forth in probation reports, including unsworn or out-of-court information pertaining to the circumstances of a crime, is sufficiently reliable to support a sentencing court's determinations about whether to place a defendant on probation, the level of the defendant's culpability for purposes of selecting an appropriate sentence, and the amount of restitution. (*Lamb, supra*, 76 Cal.App.4th at p. 683.) Indeed, as our Supreme Court has declared, " 'In every felony proceeding in the State of California, a probation report is required and must be read and considered by the sentencing

judge. [Citation.] The Legislature does not require trial court judges to read and consider "unreliable" documents as a prerequisite to the imposition of sentence.' " (*Otto*, *supra*, 26 Cal.4th at p. 213; see *Cain*, *supra*, 82 Cal.App.4th at pp. 87–88 [a probation report is "inherently reliable"], citing *Arbuckle*, *supra*, 22 Cal.3d at p. 755.)

Section 1203, subdivision (b) requires a probation officer to "make a written report to the court containing findings and recommendations" (§ 1203, subd. (b)(2)(A)) following his or her investigation into "the circumstances surrounding the crime and the prior history and record of the [defendant]" (§ 1203, subd. (b)(1)). Rule 4.411.5(a) of the California Rules of Court requires that the probation officer's presentence investigation report contain (among other things): "(2) The facts and circumstances of the crime and the defendant's arrest," as well as "(5) Information concerning the victim of the crime, including: [¶] (A) The victim's statement or a summary thereof."

Here, at the sentencing hearing on appellant's plea and before placing appellant on five years' formal probation, the sentencing court declared it had read the probation report, which contained the following information: "On May 10, 2018, at approximately 0815 hours, the officer responded to a domestic violence call. Upon arrival, he contacted the victim who stated the following: that she and the defendant had been previously married for approximately 14 years, and she currently had an active restraining order against him."

Without objection,[5] the sentencing court recited the facts of the offense from the probation report.  Based on the probation report, the sentencing court noted an open misdemeanor case against appellant (LASC case No. 8AN02353) that was an alleged violation of a domestic violence protective order in LASC case No. 6AN02363.  The sentencing court further remarked that the current felony vandalism case also constituted a violation of that protective order.

Just as the sentencing court properly relied on the probation reports in determining the appropriate length of probation and issuing a domestic violence protective order in favor of the victim in this case (appellant's former spouse), the trial court properly relied on the record of the prior proceedings to determine the underlying facts of the offense and to make an informed ruling on appellant's motion to terminate probation.  In concluding that appellant's felony vandalism conviction fell within the purview of section 1203.097, the trial court did not engage in impermissible factfinding or violate appellant's constitutional rights.

Contrary to appellant's assertion, the trial court's determination that his felony vandalism conviction constituted a domestic violence offense did not implicate the holdings in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), *Alleyne v.*

---

[5] Appellant does not contend he was ever denied an opportunity to review and challenge any inaccuracies in the probation report.  (*Otto, supra*, 26 Cal.4th at p. 212 ["Defendants are required by statute to have an opportunity to review and challenge inaccuracies in the presentence report"].)

15

*United States* (2013) 570 U.S. 99 (*Alleyne*), and *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*).[6]

These cases have nothing to do with a trial court's decisions about the length and suitability of probation, and appellant makes no attempt to explain why or how the rule and analysis of *Apprendi*/*Alleyne* and *Gallardo* applies in this context. Rather, declaring simply that "[p]robation is punishment," appellant asserts that the trial court used factual findings about the nature of the offense that had been neither admitted nor proved beyond a reasonable doubt to increase the mandatory minimum penalty for his vandalism conviction in violation of his constitutional rights under *Apprendi*, *Alleyne*, and *Gallardo*. As our Supreme Court has explained, however, "A grant of probation is 'qualitatively different from such traditional forms of punishment as fines or imprisonment. Probation is neither "punishment" (see § 15) nor a criminal "judgment" (see § 1445). Instead, courts deem probation an act of clemency in lieu of punishment [citation], and its primary purpose is rehabilitative in nature

---

[6] In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra*, 530 U.S. at p. 490.) In *Alleyne*, the high court held the same principle applies to "any fact that increases the mandatory minimum" sentence for a crime. (*Alleyne, supra*, 570 U.S. at p. 103.) And in *Gallardo*, the California Supreme Court adopted the *Apprendi* rule to hold that any facts giving rise to a conviction that "lead to the imposition of additional punishment under a recidivist sentencing scheme" must be found by a jury beyond a reasonable doubt. (*Gallardo, supra*, 4 Cal.5th at pp. 123, 134.)

16

[citation].' (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) Accordingly, we have explained that a grant of probation is an act of grace or clemency, and an offender has no right or privilege to be granted such release. (*People v. Anderson* (2010) 50 Cal.4th 19, 32.) Stated differently, '[p]robation is not a right, but a privilege.' (*People v. Bravo* (1987) 43 Cal.3d 600, 608.)" (*People v. Moran* (2016) 1 Cal.5th 398, 402.)

We have found no authority that suggests the principle expressed in *Apprendi*, *Alleyne*, *Gallardo*, and their progeny applies to a court's findings in imposing probation. Because a grant of probation is fundamentally different from the forms of punishment addressed in this line of cases, we conclude that the rule that facts used to increase a defendant's statutory minimum or maximum sentence must be admitted or proved beyond a reasonable doubt by a jury has no application to the instant case. Appellant's federal constitutional rights were not violated.

*5. Appellant got the benefit of his plea bargain*

Appellant claims the trial court's factfinding somehow deprived him of the benefit of his plea bargain because he "never agreed to section 1203.097 probation as part of his stipulated term, no contest plea."

Although section 1203.097 was never expressly cited when appellant entered his plea or at sentencing, its requirements provided the foundation for the five-year term of probation, the 10-year criminal protective order, and the $500 domestic violence payment ordered pursuant to the plea agreement. Indeed, nothing in the record suggests there was ever any doubt that appellant's offense involved domestic violence and thus came within the purview of section 1203.097. The court's issuance of a criminal protective order for the benefit of the victim plainly

17

designated the offense as a domestic violence matter.**7** (*Cates*, *supra*, 170 Cal.App.4th at p. 551; see § 1203.097, subd. (a)(2).) The court's imposition of the $500 "domestic violence" fee was also in accordance with the statutory mandate of section 1203.097, subdivision (a)(5)(A). And appellant's stipulated five-year probationary term was two years longer than the mandatory minimum term of probation under section 1203.097. We fail to see how the court's failure to cite section 1203.097, while following its mandatory provisions in accordance with the parties' plea agreement, deprived appellant of the benefit of his bargain.**8** (See *People v. Villalobos* (2012) 54 Cal.4th 177, 183 ["a plea agreement is not violated by imposition of a statutorily mandated term that was omitted from the agreement"]; *People v. Walker* (1991) 54 Cal.3d 1013, 1027, overruled on another ground in

---

**7** In fact, had the victim in this case not been a person identified in Family Code section 6211, the sentencing court would have lacked jurisdiction to issue the 10-year domestic violence protective order in her favor. (*People v. Selga* (2008) 162 Cal.App.4th 113, 119; *Riehl v. Hauck* (2014) 224 Cal.App.4th 695, 701.)

**8** Appellant claims that the sentencing court's failure to require the completion of a batterer's program as a term of probation pursuant to section 1203.097, subdivision (a)(6) precludes application of section 1203.097 following enactment of Assembly Bill No. 1950. However, the court's error in omitting this mandatory term was favorable to appellant and has no bearing on whether appellant's offense was one of domestic violence to which section 1203.097 applies. (See *People v. Lee* (1999) 20 Cal.4th 47, 57 ["in the absence of prejudice, a defendant may not complain of error favorable to the defendant"].)

*Villalobos*, at p. 183 ["only a punishment significantly greater than that bargained for violates the plea bargain"].)

Finally, in order to prevail on his claim, appellant bears the burden of showing he would not have entered his no-contest plea if he had been aware the conviction would be subject to section 1203.097. Given that appellant agreed to a probationary term well in excess of the minimum term required under section 1203.097, subdivision (a)(1), and he understood and accepted the terms and conditions of probation, including the criminal protective order and the domestic violence fee under section 1203.097, subdivision (a)(2) and (5)(A), appellant fails to establish any prejudice.

Appellant's offense constituted a crime of domestic violence within the meaning of section 1203.097 and he was placed on probation for an offense that includes a specific probation length with its provisions. The two-year felony probation limitation under section 1203.1, subdivision (a) is therefore inapplicable, and the trial court properly denied appellant's motion to terminate probation pursuant to Assembly Bill No. 1950.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.